IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19CR00637 BSM |
| | ) | |
| NATHAN CHARLES WOOD KOEN | ) | |

**OBJECTIONS TO PRESENTENCE REPORT**

Koen, through his attorneys, J. Blake Hendrix and Annie Depper of Fuqua Campbell, P.A., objects to application of U.S.S.G. §2C1.1(c)(1) contained in Paragraph 39 of the Presentence Report ("PSR").

1.  Koen pleaded guilty to one count of Bribery of a Public Official in violation of 18 U.S.C. §201(b)(2)(C). The applicable guideline for the offense is U.S.S.G. §2C1.1. Subsection (c)(1) contains a cross-reference: if the offense was committed for the purpose of facilitating the commission of another felony offense, apply the Guideline for the other felony offense. The PSR found that the bribes Koen received were for the purpose of facilitating the commission of a drug-trafficking offense, and the PSR applied the drug-guideline (§2D1.1) to determine the sentencing range. Koen objects to application of the cross-reference and contends that §2C1.1(c)(1) does not apply.

2.  U.S.S.G. §2C1.1(c)(1) states, "If the offense was committed for the purpose of facilitating the commission of another felony offense, apply the offense guideline applicable to a conspiracy to commit that other offense, if the resulting offense level is greater than that determined above." The Background Commentary provides an example: "[I]f a bribe was given to a law enforcement officer to allow the smuggling of a quantity of cocaine, the guideline for conspiracy to import cocaine would be applied if it resulted in a greater offense level."

1

It is the defendant's *purpose* in accepting the bribe – his or her state of mind – that is the focus of the Guideline, and the defendant's intent to facilitate another crime must be proved for the cross-reference to apply. In *United State v. Solomon,* 766 F.3d 360 (3rd Cir. 2014), the defendant, a police chief, took bribes to provide security for a drug dealer's drug transactions. The Third Circuit explained the rationale behind the cross-reference:

> The Guidelines thus plainly do not require that the defendant could have been charged with 'another criminal offense'—only that the *purpose* of the bribe or extortion was to facilitate the commission of another crime. This critical distinction refutes Solomon's argument. The Government does not contend, nor do the Guidelines require, that Solomon *actually* facilitated another criminal offense. Rather, he pleaded guilty to receiving illegal payments and taking actions that he *thought* were furthering cocaine trafficking. This doubly corrupt purpose—as opposed to, for instance, a public official accepting payments in exchange for taking an otherwise legal action—explains why the Guidelines provide for increased punishment of defendants covered by the cross-reference. (emphasis in original).

*Id.* at 364.

"Again, the Guidelines state that for the cross-reference to apply, the defendant must accept payments 'for the purpose of facilitating the commission of another criminal offense. The key word is 'purpose' -- *i.e.*, the *reason* the defendant accepted the payments." *Id.* at 367. "While it is true that the Government suggested specific quantities of cocaine, it is also true that Solomon willing acceded to the plan at a time when he still *believed* real drugs were involved." (emphasis added.).

The key element in determining whether the cross-reference applies is the defendant's state of mind – his or her reason for accepting the payments, his intent to facilitate another crime, his belief he was facilitating another crime. The *Solomon* Court relied on a trilogy of Fifth Circuit cases to support this proposition. In *United States v. Carr*, 303 Fed. Appx. 166 (5th Cir. 2008), a law enforcement officer accepted a bribe to escort a shipment of cocaine. "The commentary

2

suggests," the *Carr* Court explained, "that the purpose of the cross reference is to increase the sentence based on the defendant's *intent* to participate in the underlying offense …" (emphasis added). *Id.* at 169. In *United State v. Williams*, 332 Fed. Appx. 937 (5th Cir. 2009), based on similar facts, the court upheld the cross-reference because the defendant admitted during his change of plea hearing that "he *understood* the purpose of his services to be to protect a shipment of cocaine." (emphasis added.). *Id*. at 940. *See also United States v. Ruiz*, 621 F.3d 390 (5th Cir. 2010) (same).

   3. Koen did not accept bribes from "FB" for the purpose of facilitating drug-trafficking. Koen was heavily in debt, and he took FB's money for the purpose of staying afloat. It was not Koen's intent to facilitate a drug-trafficking crime, and he did not believe he was facilitating another crime. The reason he accepted the payments was to get out of debt.

   A. Koen was a DEA Agent. FB was his confidential informant and source of information. FB worked as an informant for Koen and the DEA from 2012 to at least 2017. Koen used FB as an informant and source when Koen was assigned to the DEA office in Jacksonville, Florida, and continued to use him as an informant and source of drug activities when Koen was transferred in 2016 to the DEA office in Little Rock. Koen became financially overextended and took FB's bribes to pay off his debts. He did not accept the bribes for the purpose of helping FB engage in drug-trafficking, but for the simple purpose of paying down debt.

   FB, the only witness to these events, believed he was paying Koen for "top cover protection" to facilitate FB's drug activities. That is, he gave Koen names and numbers of drug dealers so Koen (FB thought) would run these individuals through sensitive DEA databases to identify who was safe to deal with and who was not. But Koen never did. An Affidavit to support a search warrant for Koen's office computers explained:

>Furthermore, I [the affiant] have learned that SA Koen's telephone was not capable of accessing the databases necessary for him to run names and telephone numbers as he agreed to do and reported he did as described by [FB]. Access to those databases necessarily required SA Koen's (or another DEA employee's) physical presence in the office. Access to search these databases requires the user to enter his or her own identifying information, as well as the information for which such a search is being conducted, and the computer maintains a log of the user's access and the information for which the search is conducted, including the date of such a search.

Koen gave a voluntary statement after his arrest, and a subsequent proffer, in which he said he never accessed the databases or provided any sensitive information to FB. Koen explained this was a ruse to obtain FB's money. A search of Koen's office and computers confirmed Koen's statements. The search of Koen's office and his computers revealed that Koen never accessed sensitive DEA information to provide to FB, as FB believed. FB's belief is irrelevant in determining whether the cross-reference applies. It is Koen's purposes, beliefs, and intentions that make the determination. Koen did not access the sensitive databases nor did he provide FB with sensitive DEA information. In short, he played FB. Koen's purpose in accepting the bribes was to obtain money to pay off his debts; it was not for the purpose of facilitating drug-trafficking.

B.  The Guideline requires that the defendant took the bribes with the purpose of facilitating the commission "of another felony offense." The cross-reference also does not apply because there was no felony offense for Koen to facilitate.

In 2012, while Koen was assigned to the office in Jacksonville, Florida, FB became Koen's confidential informant and source of intelligence of drug activities occurring in Florida. In 2016, Koen was transferred to the Little Rock office, and FB continued to be Koen's informant and source of information. While working for Koen in Arkansas, FB, for instance, set up a drug transaction with a target from either New Orleans or Texas so it could be (and was) intercepted by law enforcement in Arkansas. On another occasion, DEA agents in the Little Rock office showed

4

Koen a picture of FB and asked Koen if FB would be willing to work for them. Koen said FB would work for the agents, and Koen called FB who agreed to work with the other agents.[1]

From Koen's perspective, FB was a confidential informant for controlled purchases and a source of information about others with whom FB was dealing. There was, therefore, no other "felony offense" for which Koen facilitated or could have facilitated. The example contained in the Background Commentary – a bribe given to a law enforcement officer to allow a shipment of cocaine – is inapt. Koen wasn't assisting in the facilitation of, or turning a blind eye to, crime. He was using traditional law enforcement techniques through the use of an informant to stop crime, not to participate in the commission of crime.

4. The cross-reference to U.S.S.G. §2D1.1 should not apply. It was not Koen's purpose in accepting the bribes to facilitate the commission of another felony offense. Koen's purpose was to take FB's money to help get himself out of debt. While FB believed he was buying "top cover protection," Koen never accessed any sensitive DEA databases. The information Koen provided was fictitious. Koen, moreover, used FB as a confidential informant and source of intelligence for ongoing criminal activities involved in FB's dealings. There was, therefore, no other felony offense that Koen could facilitate.

Respectfully submitted by,

J. Blake Hendrix
Arkansas Bar No. 86066
Fuqua Campbell P.A.
Riviera Tower
3700 Cantrell Road, Ste. 205
Little Rock, AR 72202
(501) 975-7123 (direct dial)
bhendrix@fc-lawyers.com

---

[1] Koen advised FB to wait for a call from the other agents, but they never called.

        Annie Depper
        Arkansas Bar No. 2009267
        Fuqua Campbell P.A.
        Riviera Tower
        3700 Cantrell Road, Ste. 205
        Little Rock, AR 72202
        (501) 975-7144 (direct dial)
        adepper@fc-lawyers.com